No. 20,412.

J. B. RHODES LUMBER COMPANY, *Appellee,* v. VICTORIA MORRIS et al., as Individuals and as Administrators, etc., et al., *Appellants.*

SYLLABUS BY THE COURT.

FORECLOSURE—*Mechanic's Lien—Modified Agreement — Evidence—Findings—Pleadings.* In an action to foreclose a mechanic's lien on a silo the answer denied nothing, but alleged the substitution of material different from and inferior to that specified in the contract and that by reason thereof the silo burst, spoiling part of the contents. The jury found that the substitution of different material was by agreement of the parties, and allowed defendants damages for the amount of silage found to have been spoiled, and gave judgment to the plaintiff for the difference. *Held,* that the findings and verdict are supported by sufficient evidence and that the trial court rightly restricted defendant's proof to the only defense pleaded.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed December 9, 1916. Affirmed.

*Edwin Anderson,* of Council Grove, and *Frans E. Lindquist,* of Kansas City, Mo., for the appellants.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

PORTER, J.: On August 11, 1913, the Wooden Hoop Silo Company made a contract to build a silo for J. P. Morris, for which he agreed to pay $225. After the completion of the silo he refused to pay the purchase price, and the silo company filed a mechanic's lien. Subsequently it assigned the lien and claim to the appellee. On January 1, 1914, J. P. Morris died intestate, and this action to foreclose the lien was brought against the administrators and heirs of his estate.

An answer was filed which did not contain a general denial; it admitted the material statements of the petition, and in addition set up as a defense that the silo was not constructed according to the terms of the contract; that instead of No. 1, four-inch flooring specified in the contract, defective car siding and also insufficient wooden hoops were used. It alleged that by reason of these defects the silo burst after it had been filled, and that twenty tons of silage worth $8 per ton spoiled. The answer alleged that by reason of the faulty construction of the silo and on account of certain expenses incurred in attempting to repair the same, the defendant's damages exceeded the amount sued for.

The reply alleged that car siding was substituted for four-inch flooring by agreement with the purchaser and for the reason that he did not desire to wait until the flooring specified in the contract could be obtained, and that the broken hoops were immediately replaced by wire cables with his consent. It denied the other allegations of the answer. The jury returned special findings and a verdict in plaintiff's favor for $210.74. The findings show that defendants were allowed for six tons of silage spoiled, which the jury valued at $6 per ton.

The findings, which are well supported by the evidence, sustain all the contentions of the plaintiff. Several quite technical objections are raised, but no substantial reason is suggested why the judgment should not be affirmed. The answer denied nothing. The sole defense was predicated upon the substitution of material different from and inferior to that specified in the contract. At the trial it was too late for defendants to question whether the silo company was a corporation. Whether the plaintiff, in arranging for the substitution

of a different class of lumber from that specified in the contract, was acting under express authority from the silo company, was not material, because, as the evidence and findings show, Doctor Morris, the agent of his father, the purchaser, consented to the substitution, and the evidence shows a sufficient consideration for the agreement. The lumber company was at least a subcontractor and supplied the lumber on the contract of the silo company. The trial court rightly restricted defendant's proof to the defense pleaded, and properly refused to admit evidence of the condition of the silo at the time of the trial, or to submit that question to the jury.

The special findings show the jury were not misled by the fact that the court in one instruction used the word "and" where the word "or" would have been appropriate.

The judgment is affirmed.